IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 JUL 16  A 11: 21

| | |
|---|---|
| Michael Anthony Sarratt, ) | C. A. No. 2:06-3375-HFF-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Scotty Bodiford, Asst. ) Director; Mr. Daughtery, ) Director; and Mrs. Krein, ) Head of Medical Services of ) Greenville County Det. Ctr., ) | |
| Defendants. ) | |

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by Michael Anthony Sarratt, a state pre-trial detainee proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion to dismiss and the parties' cross motions for summary judgement. 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

The plaintiff, Michael Anthony Sarratt, filed this action on November 30, 2006, and named as defendants Mr. Dorriety, Director, Scotty Bodiford, Assistant Director, and Mrs. Krein, Head of medical services. Plaintiff contends that he contracted a methicillin resistant staphylococcus aureus (MRSA) infection while detained at the Greenville County Detention Center. He seeks damages.

The complaint in its entirety states,

> I have been detained here at Greenville County Det. Ctr, 20 McGee Street, Greenville, S.C. 29601-2210 as of 2/23/05. I got MRSA during the Month of 3/05 due to the uncleaness (sic) of this facility. I was placed on antibiotics and pain medication, due to the MRSA by the medical staff here at G.C.D.C. and placed in medical housing until I was better. I now have scaring due to the process of an open wound healing on my body. Now I have to live with the fact that I will have MRSA for the rest of my life, due to me being detained in a very unclean facility that is the responsibility of:
> Mr. Daughtery-Director
> Scotty Bodiford-Asst. Director
> Mrs. Krein-Head of medical services

The defendants answered and moved to dismiss the complaint on March 8, 2007. The defendants also moved for summary judgment on March 8, 2007. On March 12, 2007, Sarratt was provided a copy of the motions and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On March 19, 2007, Plaintiff filed an opposition to the

2

motions along with his own summary judgment motion. On March 29, 2007, the defendants filed a reply. On April 6, 2007, Sarratt filed his own affidavit which added to his complaint that he did not receive proper medical care "for about two weeks." Thereafter, on April 9, 2007, the defendants filed an opposition to the plaintiff's motion for summary judgment. Hence it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine

issue for trial.  Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants.  See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor.  Id., 477 U.S. at 252.

## RESPONDEAT SUPERIOR

Construing the complaint liberally, it appears that the plaintiff seeks to impose vicarious liability on Dorriety, Bodiford, and Krein as supervisors.  Sarratt's complaint and affidavit assert that the detention center is not clean, that he contracted MSRA, and that he received medical treatment for the infection.  He claims that Dorriety, Bodiford, and Krein are responsible for the detention center.  In his prayer he asks only

4

that "the Greenville County Detention Center" be brought before the court so that he can be paid for having contracted MSRA while housed at the facility. (Complaint at pg. 5).

The plaintiff makes no specific factual allegations whatsoever against the named defendants. At best, the plaintiff may claim that the defendants, the Director and Assistant Director of the Greenville County Detention Center, as well as the present[2] Head of Medical Services, are liable as a result of their supervisory positions, not as a result of any specific action which they took personally. The defendants argue that the action should be dismissed as supervisory liability does not attach in this case. They are correct.

The doctrine of respondeat superior generally is inapplicable to Section 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 928-29 (4th Cir. 1977). The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a unreasonable risk of constitutional injury to the plaintiff; (2) the supervisor's response was so inadequate

---

[2] Krein's undisputed affidavit reveals that she only began her employment at the detention center in January 2006 and had no involvement with the detention center during the time of which Sarratt complains.

5

as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).

Here, the plaintiff has wholly failed to allege any facts supporting such a claim against Dorriety, Bodiford, or Krien. He has not alleged that the defendants had actual or constructive knowledge of any risk of constitutional injury, that they demonstrated deliberate indifference to that risk, or that their actions were causally related to any injury suffered by him. These defendants simply cannot be held liable for the acts of others without specific wrongdoing by them personally. Therefore, Sarratt's claims based upon supervisory liability should be dismissed.

## QUALIFIED IMMUNITY

The defendants further argue that they are entitled to qualified immunity from suit. The doctrine of qualified immunity protects government officials who are carrying out discretionary functions from personal monetary liability in cases where their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). In Cleavinger v. Saxner, 474 U.S. 193 (1985), the United States Supreme Court

upheld the extension of qualified immunity to prison officials. In discussing the issue of qualified immunity, the Court of Appeals for the Fourth Circuit stated that:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 118 S.Ct. 89 (1995).

In addressing the defense of qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." Wilson v. Lane, 526 U.S. 286, 290 (1999). If the court initially determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist." Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir. 1998).

Here, the plaintiff has not alleged the deprivation of an actual constitutional right at all because vicarious liability is inapplicable in civil rights cases, as discussed. Since no right has been violated, the inquiry ends "because government officials cannot have known of a right that does not exist." <u>Porterfield v. Lott</u>, 156 F.3d 563, 567 (4th Cir. 1998). The defendants are entitled to summary judgment on the basis of qualified immunity from suit[3] in their individual capacities as well.

### OFFICIAL CAPACITY SUITS

Additionally, it appears that the plaintiff may have intended to sue Dorriety, Bodiford, and Krein in their official capacities as well. The defendants in their official capacities, are not "persons" amenable to suit under 42 U.S.C. § 1983. In their official capacities, they were acting as state officials and were, accordingly, the alter ego of the State of South Carolina. As the alter ego of the State of South Carolina, these defendants in their official capacities are not "persons" subject to suit pursuant to 42 U.S.C. § 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Accordingly, the plaintiff's claims against the defendants in their official capacities should also be dismissed.

---

[3] Plaintiff has filed a plethora of motions to compel discovery and since it appears that the defendants are entitled to qualified immunity, not just from liability but from the action itself, Plaintiff's motions should be denied.

8

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motions be granted, the plaintiff's motion for summary judgment be denied, and that all other outstanding motions be deemed moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

July 16, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).